RMT:CRH/ICR
F.#2017R00879

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ OCT 18 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

ZEESHAN ZAIDI,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N F O R M A T I O N

Cr. No. 19-450 (MKB)
(T. 18, U.S.C., §§ 371, 982(a)(2),
982(b)(1), 1030(i)(1), 1030(i)(2) and
3551 et seq.; T. 21, U.S.C., § 853(p))

THE UNITED STATES ATTORNEY CHARGES:

<u>COMPUTER INTRUSION AND WIRE FRAUD CONSPIRACY</u>

1. In or about and between November 2013 and December 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ZEESHAN ZAIDI, together with others, did knowingly and willfully conspire:

    (a) to intentionally access one or more computers, to wit: computers belonging to a company whose identity is known to the United States Attorney (the "Victim Company"), without authorization and to exceed authorized access, and thereby to obtain information, to wit: intellectual property, proprietary business information regarding client relationships and future business plans, from one or more protected computers for purposes of commercial advantage and private financial gain, and in furtherance of criminal and tortious acts in violation of the laws of the United States and one or more States, and the

value of said information exceeded $5,000, contrary to Title 18, United States Code, Section 1030(a)(2)(C);

    (b) with intent to defraud, to access one or more protected computers, to wit: computers belonging to Victim Company, without authorization, and to exceed authorized access, and by means of such conduct to further the intended fraud and obtain something of value, to wit: intellectual property, proprietary business information regarding client relationships and future business plans, contrary to Title 18, United States Code, Section 1030(a)(4); and

    (c) to devise a scheme and artifice to defraud Victim Company, and to obtain money and property from Victim Company, to wit: intellectual property, proprietary business information regarding client relationships and future business plans, by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, one or more writings, signs, signals, pictures and sounds, to wit: electronic communications to computers of the Victim Company, contrary to Title 18, United States Code, Section 1343.

    2. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant ZEESHAN ZAIDI, together with others, did commit and cause the commission of, among others, the following:

### OVERT ACTS

    (a) On or about and between November 14, 2013 and November 18, 2013, a co-conspirator ("Coconspirator-1") who was a former Victim Company employee and then-current employee of a U.S.-based ticket sales and distribution company

(the "Ticketing Company") provided several other Ticketing Company employees, including ZAIDI, with information regarding Victim Company's client base and other information to which Coconspirator-1 had access because of his former employment at Victim Company.

(b)     On or about and between January 8, 2014 and January 9, 2014, ZAIDI directed Coconspirator-1 to access without authorization one or more Victim Company "Artist Toolboxes" hosted on Victim Company computers through wire communications passing through the waters of the Eastern District of New York.

(c)     On or about and between January 10, 2014 and January 24, 2014, ZAIDI prepared presentations for senior management of the Ticketing Company and its parent company, which presentations included images taken from Victim Company computers that were accessed without authorization.

(d)     On or about May 14, 2014, ZAIDI directed Coconspirator-1 to access without authorization approximately 12 Victim Company "Artist Toolboxes" hosted on Victim Company computers.

(e)     On or about and between May 15, 2014 and June 18, 2014, ZAIDI prepared presentations for senior management of the Ticketing Company and its parent company, which presentations included images taken from Victim Company computers that were accessed without authorization.

(f)     In or about January 2015, ZAIDI directed a Ticketing Company employee to monitor Victim Company activity by accessing Uniform Resource Locators to ticketing web pages controlled by Victim Company in order to obtain information about Victim Company clients and potential clients.

(g)     On or about and between January 16, 2015 and February 6, 2015, Coconspirator-1 met with several Ticketing Company employees in Los Angeles, California, and gave a presentation in which Coconspirator-1 accessed without authorization one or more Victim Company "Artist Toolboxes" hosted on Victim Company computers through wire communications passing through the waters of the Eastern District of New York.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

3.     The United States hereby gives notice to the defendant that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Sections 982(a)(2) and 1030(i)(1), which require any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense, and such person's interest in any personal property that was used or intended to be used to commit or to facilitate the commission of such offense.

4.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

      (c)      has been placed beyond the jurisdiction of the court;

      (d)      has been substantially diminished in value; or

      (e)      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1030(i)(2), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2), 982(b)(1), 1030(i)(1) and 1030(i)(2); Title 21, United States Code, Section 853(p))

*/s/ Richard P. Donoghue*
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2017R00879
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

ZEESHAN ZAIDI,

Defendant.

## INFORMATION

(T. 18, U.S.C., §§ 371, 982(a)(2), 982(b)(1), 1030(i)(1), 1030(i)(2), 1349 and 3551 et seq.; T. 21, U.S.C., § 853(p))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* \_\_\_\_\_

_____
*Clerk*

*Bail, $* _____

***Craig R. Heeren & Ian C. Richardson***
*Assistant U.S. Attorneys (718) 254-7000*